**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 97-60646
Summary Calender
_____


MICHAEL T. SCHAUGER,

Plaintiff-Appellant,

VERSUS

NATIONWIDE MUTUAL INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
(1:96-CV-422GR)
_____
June 16, 1998


Before JONES, SMITH, and STEWART, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


Michael Schauger appeals a summary judgment for Nationwide Mutual Insurance Company ("Nationwide") on the issue of punitive damages for a denial of benefits. Finding no reversible error, we affirm.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

Schauger was involved in a motorcycle accident with a hit-and-run driver in September 1995.  He sustained injuries resulting in approximately $60,000 of damages and made a claim for uninsured motorist ("UM") coverage on his Nationwide car insurance policy.

When Schauger filed his claim with Nationwide, he requested "stacking" of his insurance benefits.  The policy provided for UM coverage of $25,000 per person, or $50,000 per accident.  Three cars were covered under the policy.  Schauger thus requested $75,000 worth of benefits§§$25,000 for each car insured.

Although Nationwide was aware of Mississippi caselaw requiring the stacking of insurance benefits in some instances, it resisted a stacked payment to Schauger because it felt that under the existing law, the Mississippi courts would not require it to pay more than $25,000 on Schauger's policy.  Accordingly, it agreed only to pay Schauger $25,000 worth of benefits (and apparently it also offered to pay him a greater amount should it lose litigation on the issue then pending in the Mississippi Supreme Court).

II.

Schauger sued Nationwide in state court for the unpaid $50,000, seeking punitive damages for the insurance company's "unsupportable" and "bad faith" denial of insurance benefits.  Nationwide removed this diversity case.

Before trial, the Mississippi Supreme Court decided the

2

stacking issue adversely to Nationwide in the related litigation; Nationwide immediately paid Schauger the remaining $50,000, then sought summary judgment motion on the issue of punitive damages, contending that there was no material fact issue presented on the bad faith claim. The district court agreed and held that Nationwide's legal position, though ultimately rejected, did not present, absent other evidence, a fact issue concerning the punitive damages claim. *See Schauger v. Nationwide Mut. Ins. Co.*, 1997 U.S. Dist. LEXIS 21764 (S.D. Miss. Aug. 29, 1997) (-No. 1:96cv422GR).

## III.

We review a grant of summary judgment *de novo*. *See Hanks v. Transcontinental Gas Pipe Line Corp.*, 953 F.2d 996, 997 (5th Cir. 1992). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a

3

genuine issue for trial.  *See Hanks*, 953 F.2d at 997.

We begin our determination by consulting the applicable substantive lawSSin this case the law of MississippiSSto determine what facts and issues are material.  *See King v. Chide*, 974 F.2d 653, 655-56 (5th Cir. 1992).  We then review the evidence relating to those issues, viewing the facts and inferences in the light most favorable to the non-movant.  *See id.*  If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented.  *See Brothers v. Klevenhagen*, 28 F.3d 452, 455 (5th Cir. 1994).

IV.

A.

Under Mississippi law, an insured can recover punitive damages for an insurer's bad faith breach of an insurance contract.  "It is settled[, however,] that punitive damages are recoverable only where the breach is attended by some intentional wrong, insult, abuse or gross negligence which amounts to an independent tort." *Bellefonte Ins. Co. v. Griffin*, 358 So. 2d. 387, 391 (Miss. 1978) (citing *Standard Life Ins. Co. v. Veal*, 354 So. 2d 239 (Miss. 1977)).

The plaintiff's right of recovery is a narrow one.  "[S]ince punitive damages are assessed as an example and warning to others, they should be allowed only with caution and within narrow limits.

4

If an insurance company has a legitimate reason or an arguable reason for failing to pay a claim, punitive damages will not lie." *Consolidated Am. Life Ins. Co. v. Toche*, 410 So. 2d 1303, 1304-05 (Miss. 1982).

The law therefore presents a two-step analysis. First, the plaintiff must present some evidence of intentional wrongdoing. Once he has done so, the insurance company may present an "arguable reason" for why it failed to pay the claim.

B.

In order to reach the jury, the plaintiff must make a sufficient showing on the first prong of the punitive damages testSSthat the insurance company "intentionally and unreasonably refuse[d] payment of a legitimate claim with veritable impunity." *Veal*, 354 So. 2d at 248. Schauger does not present a fact issue on this prong.

Schauger's sole argument is that there was no legal basis on which Nationwide could support its stacking claim. Although we set out in more detail his legal argument in a footnote,[1] our review of

---

[1] Schauger's argument that Nationwide acted in bad faith rests solely on the contention that Nationwide's legal position in denying stacked benefits was so contrary to the existing Mississippi jurisprudence that it could only be construed as a willful act to keep insureds from receiving their insurance benefits. A short summary of the then-existing state court jurisprudence is thus in order.

Prior to this litigation, the Mississippi Supreme Court had required stacking when the insurer wrote a "per-vehicle" UM policySSone that defined UM coverage in terms of the vehicle covered. *See Harrison v. Allstate Ins. Co.*, 662 So. 2d 1092, 1094 (Miss. 1995). Such policies normally raised their premiums for UM coverage when the insured had more than one vehicle. *See id.* The

(continued...)

the arguments, and the district court's opinion, inform us that Schauger's contention is without merit.

Nationwide's legal position, although in the end discredited by the state's highest court, was not so outlandish as to give rise to an inference of bad faith. At the time the arguments were made to deny benefits, Nationwide's position was advocated by many insurance companies; the courts had not rejected the insurance companies' interpretation of the lawSSor for that matter addressed it; and when the issue finally reached the state's high court, it commanded the issuance of a published opinion containing that court's reasoned analysis. We also note that the supreme court, when finally deciding the issue, made no mention that the losing arguments were frivolous or otherwise meritless.

We thus agree with the district court that there is

---

[1](...continued)
Mississippi Supreme Court found that when the insurance company defined UM coverage in this waySSand charged what looked like distinct premiums for each vehicle coveredSSthe court viewed those as separate insurance policies, upon each of which the insured could recover UM benefits. *See id.*

In response to this ruling, insurance companies tried to prevent UM stacking by writing a "per policy" stacking limit into the policy. Such a limit set UM coverage based on the number of insurance policies that an insured had, rather than on the number of cars he owned.

The "per policy" arrangement had never been addressed by the Mississippi courts. But given the economic realities of UM insurance pricing, the companies hoped that the courts would make a distinction between the "per vehicle" policySSheld to require stackingSSand the "per policy" language.

To buttress their arguments, the companies pointed to a section of the insurance code in which the text purportedly limits their UM coverage to the "policy limit." *See* MISS. CODE ANN. § 83-11-101(1) (1991). The Mississippi Supreme Court had never passed on this section's applicability to the instant issue. The insurance companies denied benefits under their legal theorySSthus forcing the state courts to decide the issue. Ultimately, the argument failed. *See U.S. Fidelity and Guar. Co. v. Ferguson*, 698 So. 2d 77, 79-81 (Miss. 1997).

insufficient evidence as a matter of law that Nationwide acted in bad faith in rejecting Schauger's claim. The judgment, accordingly, is AFFIRMED.